UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TUNECORE, INC.,

               Plaintiff,

- against -

FARYAL KHAN-THOMPSON and CD BABY, INC.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 1:23-cv-08721

**[PROPOSED] ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINTS, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY**

Upon (i) the declaration of Kevin Bodenheimer, sworn to the 27th of November 2023, and the exhibits annexed thereto, (ii) TuneCore, Inc.'s Memorandum of Law in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, and (iii) the annexed complaint, it is hereby

**ORDERED,** that the above named defendants show cause before this Court, at Room _____, 225 Cadman Plaza East, Brooklyn, New York, on November ___, 2023, at _____ a.m./p.m. or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining defendant Faryal Khan-Thompson during the pendency of this action from:

1. Accessing and/or attempting to access TuneCore's network, online and/or cloud-based accounts or systems, including but not limited to its Google Workplace Accounts and/or any of TuneCore's cloud-based servers and shared drives;

2. Disseminating and/or using any of TuneCore's confidential information, including but not limited to the documents and electronically stored information ("ESI") identified on Exhibit F to the declaration of Kevin Bodenheimer, dated November 27, 2023, and the information contained therein (collectively, "TuneCore's Confidential Information");

1

3. Accessing, using, altering and/or deleting the online Google Workspace user account and credentials for any account associated with the username or email address faryal.khan.thompson@gmail.com, including any such account previously used to gain access to and transfer TuneCore's Confidential Information; and

4. Contacting any of the individuals, or their agents, listed on TuneCore's Excel spreadsheet entitled, "#IndependentAF VIPs List for Merch Drop.xlsx," identified on Exhibit F to the declaration of Kevin Bodenheimer, dated November 27, 2023; and it is further

**ORDERED** that, sufficient reason having been shown pending the hearing of the plaintiff's application for a preliminary injunction, defendant Faryal Khan-Thompson is temporarily restrained and enjoined from:

1. Accessing and/or attempting to access TuneCore's network, online and/or cloud-based accounts or systems, including but not limited to its Google Workplace Accounts and/or any of TuneCore's cloud-based servers and shared drives;

2. Disseminating and/or using any of TuneCore's Confidential Information;

3. Accessing, using, altering and/or deleting the online Google Workspace user account and credentials for any account associated with the username or email address faryal.khan.thompson@gmail.com, including any such account previously used to gain access to and transfer TuneCore's Confidential Information; and

4. Contacting any of the individuals, or their agents, listed on TuneCore's Excel spreadsheet entitled, "#IndependentAF VIPs List for Merch Drop.xlsx," identified on Exhibit F to the declaration of Kevin Bodenheimer, dated November 27, 2023; and it is further

**ORDERED**, that within five (5) business days of the issuance of this Order:

1. Khan-Thompson shall produce to TuneCore, Inc. an accounting, identifying (a) all of the TuneCore, Inc.'s documents, data, and information that she (i) took prior to and/or retained following her employment termination on March 22, 2023 and/or (ii) downloaded, exported, transmitted, copied and/or transferred following her employment termination on March 22, 2023; and (b) the present location of all such documents, data and information;

2. Khan-Thompson shall produce to TuneCore, Inc. an accounting, identifying all of the individuals and entities to which she has transferred, shared, shown, or disseminated any of the TuneCore Confidential Information and/or any other information identified by Khan-Thompson pursuant to paragraph 1 above;

3. Khan Thompson shall identify in writing: (i) cell phones, mobile devices, I-pads, laptops, tablets and personal computers (hereinafter "physical devices") used by her between October 12, 2023, and November 27, 2023; and (ii) online email and other accounts (*e.g.*, iCloud, MSN, Google) (hereinafter "online accounts") used by her between October 12, 2020 and November 27, 2023;

4. Khan-Thompson will provide to plaintiff's forensic vendor: (i) her physical devices identified in paragraph 3 and their associated passwords at a mutually convenient time and place for pick up for mirror imaging and/or other forensic collection and analysis to be performed at the forensic vendor's facilities; (ii) the usernames and passwords for the online accounts so that Plaintiff's forensic vendor may obtain access to perform a forensic collection and analysis of those accounts; and (iii) the username and password for the online Google Workspace user account and credentials for faryal.khan.thompson@gmail.com previously used in connection with gaining access to

and transferring TuneCore's Confidential Information so that Plaintiff's forensic vendor may obtain access to perform a forensic collection and analysis of that account;

**ORDERED**, that following receipt of the Khan-Thompson's physical devices and access to the online accounts associated with the username or email address faryal.khan.thompson@gmail.com, including any such account previously used to gain access to and transfer TuneCore's Confidential Information,

1. Plaintiff's vendor will follow its standard forensic protocol for collection, analysis and retrieval, including locating any TuneCore Confidential Information and/or information identified by Khan-Thompson in paragraph 1 above. The analysis may include, but may not be limited to, browsing directories, folders and file structures, concept and key word searching, review of forensic artifacts, indicia of wiping technologies, trash bin activity, review of metadata (including but not limited to creation, modified and last accessed dates), manual review of forensic artifacts, documents and communications, review of deleted, slack, fragmented or unallocated space, link file analysis, and review of mobile communications databases and key transmission data, as well as any other industry standard forensic techniques that plaintiff's forensic vendor determines in its professional judgment should be used to collect, analyze, recover and document ESI.

2. Following its analysis, plaintiff's forensic vendor will retrieve, recover and remove all TuneCore Confidential Information and/or any documents, data and/or information identified by Khan-Thompson in paragraph 1 above from the physical devices and online accounts to ensure a verifiable return of such information to TuneCore. Following a verifiable return of all TuneCore's Confidential Information, Khan-Thompson's physical devices will be promptly returned to her.

**ORDERED**, that personal service of a copy of this order upon the defendants or their counsel on or before November ___, 2023, shall be deemed good and sufficient service thereof; and it is further

**ORDERED**, that opposing papers, if any, shall be served by ECF upon Plaintiff on or before November ___, 2023.

_____

Hon. _____, USDJ